[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2011
JOHN LEY
CLERK

No. 10-13538
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-00008-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAVINO CABRERA-GUROLA,
a.k.a. Roberto Carlos Martinez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 16, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After pleading guilty, Savino Cabrera-Gurola appeals his 46-month sentence for one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). Cabrera-Gurola argues that his sentence, at the low end of the advisory guidelines range, is substantively unreasonable. After review, we affirm.

## I. BACKGROUND

**A. Offense Conduct**

In 1998, Cabrera-Gurola, a Mexican citizen, was arrested in Georgia after he attempted to sell two kilograms of cocaine to a confidential informant working with federal agents. In 1999, Cabrera-Gurola pled guilty in federal district court to conspiracy to distribute cocaine and possession with intent to distribute marijuana and received a sentence of 38 months' imprisonment and four years of supervised release.

After serving his imprisonment term, on October 5, 2001, Cabrera-Gurola began serving his four-year supervised release term. On October 6, 2001, Cabrera-Gurola was deported to Mexico. In July 2005, Cabrera-Gurola's probation officer filed a warrant and petition alleging Cabrera-Gurola had violated the conditions of his supervised release by failing to report and to pay fines and fees.

2

In 2006, Cabrera-Gurola re-entered the United States without authorization and returned to Georgia, where he lived with a friend. On December 4, 2009, Cabrera-Gurola was arrested for selling cocaine to an undercover officer with the Hall County Sheriff's Office ("HCSO").[1]

The HCSO notified Special Agent John Cweika with the Immigration and Customs Enforcement of Cabrera-Gurola's detention. In an interview, Cabrera-Gurola admitted to Agent Cweika that he was a Mexican citizen and was previously removed from the United States. In federal court, Cabrera-Gurola was charged with, and pled guilty to, being an alien found in the United States after having been deported and without having obtained permission to re-enter the United States.

## B.     Presentence Investigation Report

The presentence investigation report ("PSI") recommended: (1) a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a); (2) a 16-level increase, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), due to Cabrera-Gurola's prior removal following his felony drug trafficking convictions; and (3) a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). Because

---

[1]Cabrera-Gurola was charged in state court with sale of cocaine. The state charge was still pending at the time of Cabrera-Gurola's federal sentencing on the instant offense.

Cabrera-Gurola committed the instant offense while on supervised release, he received an additional 2 criminal history points, for a total of 5, which raised his criminal history category from a II to a III. With a total offense level of 21 and a criminal history category of III, the PSI recommended an advisory guidelines range of 46 to 57 months' imprisonment. Cabrera-Gurola did not file written objections to the PSI.

In a sentencing memorandum, Cabrera-Gurola argued that he should receive a sentence below the advisory guidelines range because (1) the additional 2 criminal history points for committing the offense while on supervised release, pursuant to U.S.S.G. § 4A1.1(d) (referred to as "recency points"), unreasonably increased his criminal history score in light of the Sentencing Commission's recent vote to delete this provision from the Guidelines;[2] (2) the 16-level increase in U.S.S.G. § 2L1.2(b)(1)(A)(i) disproportionately increased the offense level

---

[2]We point out that U.S.S.G. § 4A1.1(d) provides for a two-level increase if the defendant "committed the instant offense while under any criminal justice sentence, including . . . supervised release . . . ." U.S.S.G. § 4A1.1(d). In contrast, at the time of the sentencing, U.S.S.G. § 4A1.1(e) provided for a two-level increase if the defendant "committed the instant offense less than two years after release from imprisonment" on a sentence of imprisonment of at least sixty days. U.S.S.G. § 4A1.1(e) (2009). Effective November 1, 2010, the Sentencing Commission amended U.S.S.G. § 4A1.1 by, inter alia, eliminating subsection (e) and redesignating subsection (f) as subsection (e). See U.S.S.G. app. C, amend. 742. Based on Amendment 742, Cabrera-Gurola asked the district court either to adjust his criminal history to II, resulting in an advisory guidelines range of 41 to 51 months, or to "arrive at a similar result" using a downward variance. However, Cabrera-Gurola's two-level increase was not pursuant to soon-to-be-amended subsection (e), but to subsection (d).

compared to similar enhancements for more egregious conduct and inappropriately double counted prior convictions, resulting in an unreasonably high guidelines range; and (3) the nature and circumstances of his offense and his life history merited a lower sentence. Cabrera-Gurola asked for a 24-month sentence.

## C. Sentencing Hearing

At the sentencing hearing on his illegal reentry charge, Cabrera-Gurola confirmed that he had no objection to the PSI's guidelines calculations, only "arguments on reasonableness." The district court adopted the PSI and found that Cabrera-Gurola's offense level was a 21 and his criminal history category was a III, resulting in an advisory guidelines range of 46 to 57 months.

In support of his request for a 24-month sentence, below the advisory guidelines range, Cabrera-Gurola reiterated his arguments that the recency points pursuant to U.S.S.G. § 4A1.1(d) unreasonably inflated his criminal history category and that the 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), while technically applicable, overestimated the seriousness of his offense. Cabrera-Gurola also contended that he was unlikely to re-offend because his entire family had returned to Mexico, decreasing his likelihood of returning to the United States.

The government asked for a 51-month sentence, in the middle of the advisory guidelines range. The government pointed out that, even if the two recency points pursuant to U.S.S.G. § 4A1.1(d) were removed, a 51-month sentence would fall within the resulting 41-to-51-month range.

The government argued that the 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) was appropriate in Cabrera-Gurola's case and was proportional to the type of offense committed. The government stressed that Cabrera-Gurola's offense was serious, that he was previously convicted of two aggravated felonies— drug trafficking offenses—and, after removal, returned to the United States, where he was arrested again for a drug trafficking offense. The government contended that the dangerousness of Cabrera-Guralo's prior drug trafficking crimes warranted the 16-level increase. The government argued that a 51-month sentence was appropriate because it would promote respect for the law given Cabrera's-Gurola's continued engagement in criminal activity, decrease the threat to the community posed by the dangerousness of Cabrera-Gurola's drug trafficking crimes and allow Cabrera-Gurola to receive drug treatment if he had a drug-use problem.

The district court imposed a 46-month sentence. The district court stated:

I'm taking into consideration what [Cabrera-Gurola] argued about in the change of points, and that would make so little that I'm going to the bottom end of the guideline range to compensate for that. As opposed to what the government's requesting at the top end. That difference was very nominal, three or four months. I've really gone further than that to compensate for that factor because I do think that the court should take that into consideration and not -- as part of the calculations at the current time and appropriate to so calculate it at the current time, but I take it in consideration in the sentence that's imposed, which I am doing.

At the sentencing hearing, the district court also considered the petition for revocation of supervised release for Cabrera-Gurola's 1999 drug trafficking convictions. The district court found that Cabrera-Gurola had violated the terms of his supervised release and imposed a consecutive twelve-month sentence. The district court noted, "This case is more aggravated than the others, a lot of the others I have, and I think that's an appropriate sentence. And the combination of the two are appropriate sentences under the guideline range and under the circumstances of this case." Cabrera-Gurola filed this appeal.

## II. DISCUSSION

We review the substantive reasonableness of a sentence under the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).[3] The party challenging the sentence bears the burden of establishing that

---

[3]Cabrera-Gurola does not challenge the district court's guidelines calculations or in any other way argue that his sentence is procedurally unreasonable. Cabrera-Gurola also does not

the sentence is unreasonable in light of both the record and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[4] We ordinarily expect a sentence within the advisory guidelines range will be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Cabrera-Gurola argues that his sentence is substantively unreasonable specifically due to the district court's 16-level increase of his offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(a)(i).[5] Our reasonableness review, however, applies only to the defendant's ultimate sentence, not to "each individual decision made during the sentencing process." United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Cabrera-Gurola did not challenge the district court's application of the § 2L1.2(b)(1)(A)(i) 16-level increase in the district court and, in

challenge the district court's consecutive twelve-month sentence imposed following the revocation of his supervised release.

[4]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[5]Section 2L1.2(b)(1)(A) provides for a sixteen-level increase in the offense level "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense . . . ." U.S.S.G. § 2L1.2(b)(1)(A)(i)-(vii).

8

fact, conceded in the district court that the enhancement applied. And, Cabrera-Gurola does not raise this guidelines calculation issue in this Court.

Here, considering the totality of the circumstances, Cabrera-Gurola has not shown that his total 46-month sentence is unreasonable. Cabrera-Gurola illegally entered the United States, committed two drug trafficking offenses and was deported back to Mexico. Cabrera-Gurola then illegally re-entered the United States and was arrested for another drug trafficking offense.

The district court emphasized the seriousness of the offense when it noted that Cabrera-Gurola's offense was "more aggravated" than most of the illegal reentry cases it saw. The district court considered Cabrera-Gurola's arguments in mitigation, and clearly concluded that the mitigating facts militated in favor of a sentence at the low end of the advisory guidelines range of 46 to 57 months, but did not support a variance below that range. We cannot say the district court abused its discretion in imposing a 46-month sentence.

**AFFIRMED.**